# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2021

Lyle W. Cayce
Clerk

No. 20-20196

WEST AFRICAN VENTURES LIMITED; SEA TRUCKS GROUP FZE,

*Plaintiffs—Appellees*,

*versus*

SUNTX CAPITAL PARTNERS II GP, L.P.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-548

Before ELROD, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

This contract dispute concerns payment for vessels, equipment, and personnel used in offshore oil and gas projects. Nonparties Ranger Subsea Nigeria Limited (RSNL) and Ranger International Limited (RIL) entered into these contracts with Plaintiffs-Appellees West African Ventures Limited (West African Ventures) and SEA Trucks Group, FZE (Sea Trucks). RSNL

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20196

and RIL are subsidiaries of Ranger Offshore, Inc. (Ranger), and Defendant-Appellant SunTx Capital Partners II GP, L.P. (SunTx) is Ranger's equity sponsor. SunTx and Ranger entered into contracts with West African Ventures and Sea Trucks to guarantee payment on the contracts with RSNL and RIL. Ranger is a defendant in the district court but is not a party here. RSNL and RIL did not fully pay West African Ventures and Sea Trucks, who then sued Ranger and SunTx. Following motion practice and a bench trial, the district court entered judgment in favor of West African Ventures and Sea Trucks.

SunTx raises four issues: one from the motion-to-dismiss stage, two from the summary-judgment stage, and one from the post-bench-trial findings of fact and conclusions of law. We address and reject each in turn.

First, the district court properly denied SunTx's motion to dismiss for lack of diversity subject-matter jurisdiction. The record contains the affidavit of Uyiguosa Dorothy Ogbeor, a Nigerian solicitor, which asserts that West African Ventures "is a 100% Nigerian owned entity." SunTx introduced no evidence to the contrary. *See Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993) (granting summary judgment to movant who relied on a conclusory affidavit). The record demonstrates that Sea Trucks is a United Arab Emirates citizen, SunTx is a Texas citizen, and SunTx's codefendant is a Texas and Delaware citizen; therefore, the evidence establishes complete diversity regardless of the extent to which West African Ventures resembles a United States corporation. SunTx's authorities are not persuasive because they address different records, none containing evidence like the affidavit in this case.

Second, the district court appropriately granted summary judgment on the issue of breach. SunTx cannot argue for the first time on appeal that the summary-judgment evidence fails to show a demand for payment, as

2

required for liability under the guarantee contract. The great weight of authority confirms that we must decline to reverse summary judgment on grounds not raised before the district court in opposition to summary judgment. *See, e.g.*, *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002).

Third, the district court appropriately granted summary judgment on the exchange-rate issue. Applying the contracted exchange rate does not increase SunTx's obligation in violation of the liability limitations in the guarantee contracts. The liability limitation says that SunTx's obligation cannot exceed the obligations of RNSL and RIL. But the exchange-rate provision affects only the conversion of the obligation—not the obligation itself. SunTx's payment is higher under the contracted exchange rate than it might be under the "real" exchange rate; however, the difference is due to currency fluctuation, not an increased obligation.

Last, the district court entered a proper judgment for damages after the bench trial. The record reflects that the district court calculated damages by consulting the admitted evidence of the amount owed and the exchange-rate provision, without relying on the excluded evidence. In any event, we may affirm on any grounds supported by the record. *In re Green Hills Dev. Co. v. Green Hills Dev. Co.*, 741 F.3d 651, 656 (5th Cir. 2014) (citation omitted). Judgment in the amount of $28,914,326 was proper based on "simple arithmetic," considering only the admitted evidence of the amount owed in Nigerian Naira (NGN) and the contractual exchange rate of $1 to 220 NGN. *See Davis v. Parker*, 145 F.3d 359, 1998 WL 307585, at *20 n.106 (5th Cir. 1998) (unpublished); *see also Muoneke v. Compagnie Nationale Air France*, 330 F. App'x 457, 461 (5th Cir. 2009) (calculating and rendering judgment rather than remanding, "[g]iven the simple calculations involved").

The judgment is AFFIRMED.